UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF  
DEBORAH L. BOARDMAN  
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-7810  
Fax: (410) 962-2577  
MDD_DLBChambers@mdd.uscourts.gov

September 1, 2021

LETTER TO COUNSEL

RE: *James B. v. Kijakazi*[1]  
Civil No. DLB-20-1243

Dear Counsel:

On May 18, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. Pl.'s Mem., ECF 14; Def.'s Mem., ECF 16; Pl.'s Reply, ECF 17. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the denial if the SSA employed correct legal standards and made findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his claims for benefits on March 28, 2017, alleging an onset date of December 2, 2016. Administrative Transcript ("Tr.") 16, 351–61. The SSA denied his claims initially and on reconsideration. Tr. 308–15. An Administrative Law Judge ("ALJ") held a hearing on March 22, 2019. Tr. 41–88. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame, which the ALJ considered to start as of December 2, 2016. Tr. 13–40. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. *Office of the Commissioner*, Soc. Sec. Admin., www.ssa.gov/org/coss.htm (last visited July 21, 2021). Pursuant to the last sentence of 42 U.S.C. § 405(g), actions brought under that Section "survive notwithstanding any change in person occupying the office of the Commissioner of Social Security." Substitution of the successor as the party in interest is automatic. Fed. R. Civ. P. 25(d).

*James B. v. Kijakazi*
Civil No. DLB-20-1243
September 1, 2021
Page 2

    The ALJ found plaintiff severely impaired by:

> degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, osteoarthritis of the bilateral knees, bilateral total knee arthroplasties, chronic obstructive pulmonary disease (COPD), depressive disorders, anxiety disorder, intermittent explosive disorder, obsessive-compulsive disorder, and posttraumatic stress disorder (PTSD).

Tr. 19. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can stand or walk for two hours in an eight-hour workday, and sit for six hours. He can occasionally climb ramps or stairs, and never climb ramps, ladders, or scaffolds [sic]. He can occasionally balance, stoop, and crouch, but never kneel or crawl. He requires a sit-stand option alternating at will while remaining in place and productive. He must avoid more than occasional exposure to extreme cold, vibrations, or hazards, such as moving machinery or unprotected heights. He can occasionally be exposed to pulmonary irritants, such as fumes, odors, dusts and gases. He can understand, remember and carry out simple, routine tasks. He can persist at simple, routine tasks for two-hour periods with customary breaks and meal times to complete an eight-hour workday. He can occasionally interact with coworkers and supervisors, but he can never interact with the general public.

Tr. 24. After considering the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff was unable to perform his past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 32. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 33–34.

    On appeal, plaintiff argues that the ALJ failed to comply with the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and that the ALJ's step-three determination is unsupported by substantial evidence. I agree that the ALJ failed to comply with *Mascio*'s mandate. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

    In Mascio, the Fourth Circuit remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP"). 780 F.3d at 638. CPP is one of four broad functional areas an ALJ must consider when evaluating a claimant's mental impairments.[2] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. §§ 404.1520a, 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assesses the

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*James B. v. Kijakazi*
Civil No. DLB-20-1243
September 1, 2021
Page 3

extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2).  The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme.  *Id*. §§ 416.920a(c)(4).  A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area.  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC determination only to "unskilled work."  780 F.3d at 637-38.  The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work . . . [because] the ability to perform simple tasks differs from the ability to stay on task."  *Id*. at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in CPP did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Mascio*, 780 F.3d at 638.

Here, the ALJ applied the special technique and found plaintiff moderately limited in CPP:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation.  During his psychological consultative examination and in an Adult Function Report, the claimant alleged difficulty concentrating, completing tasks and following instructions.  However, these allegations are not wholly consistent with the evidence of record.  As discussed, the claimant's score on the MMSE is consistent with normal cognitive function.  Moreover, during this psychological consultative examination, he demonstrated intact immediate recall, intact delayed recall and intact concentration.  He was able to follow a written command and complete a three-stage command correctly.  While the claimant's allegations in conjunction with these objective findings support some limitation in concentrating, persisting, or maintaining pace, the claimant's overall presentation during this examination does not support marked or extreme limitations.  Moreover, the claimant's treatment records support no more than moderate limitation in this area of mental functioning.  He generally demonstrated normal affect, stable mood, normal speech, normal thought content, good memory, good attention, good concentration, linear stream of thought, and understandable and easily followed thought associations.  He was able to follow commands with treatment providers.  In balancing this evidence, I find that the claimant has moderation limitation in this area of mental functioning.

Tr. 23.  Subsequent to making this finding, the ALJ found plaintiff was, as relevant here, able to "persist at simple, routine tasks for two-hour periods with customary breaks and meal times to complete an eight-hour workday."  Tr. 24.  The ALJ's conclusion was thus that plaintiff could maintain CPP when confined to "simple, routine tasks."  *See* Tr. 24.  Considering the Fourth Circuit's holding in *Mascio* that an ALJ does not summarily account for a moderate CPP limitation

*James B. v. Kijakazi*
Civil No. DLB-20-1243
September 1, 2021
Page 4

by confining a claimant's RFC determination to simple, routine tasks, *see* 780 F.3d at 638, the ALJ was required to explain in the decision how limiting plaintiff to simple, routine tasks accounted for plaintiff's moderate CPP limitation or explain how plaintiff's moderate CPP limitation did not affect his ability to concentrate, persist, or maintain pace when engaged in full-time work, *see, e.g.*, *Shinaberry*, 952 F.3d at 120–22; *Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017).

During the RFC discussion, the ALJ discussed plaintiff's CPP capabilities in the context of the opinions provided by the psychological consultants and the treatment notes in the record containing information about plaintiff's mental status. *See* Tr. 29–31.

With respect to the opinions of the psychological consultants at the initial and reconsideration stages, the ALJ noted that they opined plaintiff "retains the ability to follow simple instructions." Tr. 31. Further, the ALJ gave "great weight to their opinion[s] finding that [plaintiff] can follow simple instructions on a regular and continuing basis." Tr. 31. Neither of the consultants, however, opined that plaintiff could follow simple instructions "on a regular and continuing basis." At the initial level, the consultant opined that plaintiff was moderately limited in "the ability to carry out detailed instructions," "the ability to maintain attention and concentration for extended periods," "[t]he ability to work in coordination with or in proximity to others without being distracted by them," and "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and lengthy of rest periods." Tr. 223–24, 241–42. In the DIB assessment, the consultant went on to explain that plaintiff "has some limitations in task persistence due to anxiety, mood symptoms." Tr. 224. In the SSI assessment, the consultant similarly explained that plaintiff "has issues with task persistence due to depression and anxiety symptoms." Tr. 242. The only other note that the consultant added in the DIB assessment was at the end of the mental RFC analysis and indicated that plaintiff "[r]etains the ability to follow simple instruction and relate with others on a limited basis." Tr. 224. Similarly, at the end of the SSI assessment, the consultant opined that plaintiff was "[l]imited to simple and routine tasks with limited social interactions." Tr. 243. Nowhere did the consultants suggest that plaintiff could maintain CPP "on a regular and continuing basis" while limited to simple tasks. To the contrary— they opined that plaintiff's task persistence difficulties stemmed from his mood symptoms, not his ability to follow instructions. *See* Tr. 223–24, 241–42, 271–75, 301–04. And, as the Fourth Circuit has made clear, "the ability to perform simple tasks differs from the ability to stay on task." *See Mascio*, 780 F.3d at 638. Thus, the opinions provide no support for the ALJ's conclusion that plaintiff could maintain CPP when confined to simple, routine tasks.

The Commissioner, like the ALJ in the remainder of the decision, generally discusses the evidence and argues that the "generally unremarkable findings are inconsistent with [plaintiff's] allegations of disabling mental symptoms." *See* Def.'s Mem. 13–18; Tr. 24–31. But this evidence does not cure the *Mascio* error. In fact, this evidence was, or should have been, considered in the first instance as part of the ALJ's finding that plaintiff was moderately limited in CPP. *See* 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1) (describing the special technique and making clear ALJs "consider all relevant and available clinical signs and laboratory findings, the effects of [claimants'] symptoms, and how [claimants'] functioning may be affected by factors including, but

*James B. v. Kijakazi*
Civil No. DLB-20-1243
September 1, 2021
Page 5

not limited to, chronic mental disorders, structured settings, medication, and other treatment"). Indeed, the ALJ in this case specifically found that plaintiff's "treatment records support[ed] no more than [a] moderate limitation in [CPP]." Tr. 23. Having made that finding, the ALJ was then required to explain how limiting plaintiff to simple, routine tasks accounted for plaintiff's moderate CPP limitation or explain how plaintiff's moderate CPP limitation did not affect his ability to concentrate, persist, or maintain pace when engaged in full-time work. Merely citing to the same evidence that supported the moderate CPP limitation finding—without more—does not explain how plaintiff can concentrate, persist, or maintain pace in a work setting, five days per week, eight hours per day, when confined to simple, routine tasks. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.").

Nor does any of the analysis contained in the RFC analysis explain how plaintiff can maintain CPP while performing only "simple, routine tasks." *See* Tr. 24–31. For example, the ALJ found that "[w]hile [plaintiff] reported some distraction, he concurrently noted that he could redirect himself and finish the conversation of the topic at hand." Tr. 29. The ALJ concluded that "[t]his statement in conjunction with [plaintiff's] intact cognition, good attention[,] and good concentration bolsters the finding that [plaintiff] can understand, remember, carry out and persist at simple, routine tasks for two-hour periods." Tr. 29. Redirecting oneself in the context of a conversation does not involve persisting for "five days per week, eight hours per day," or repeatedly completing "simple, routine tasks." *See* SSR 96-8p; Tr. 24, 29. Thus, "[w]ithout further explanation, I am unable to ascertain whether the ALJ truly believed [plaintiff] to have moderate difficulties in [CPP], instead of mild, or no difficulties, and how those difficulties restrict [his] RFC to" simple, routine tasks. *See Brocato v. Cmm'r, Soc. Sec. Admin.*, No. SAG-16-2540, 2017 WL 3084382, at *3 (D. Md. July 19, 2017); Tr. 24.

Finally, the Commissioner also argues remand is unwarranted because the VE testified the jobs relevant at step five required only a regular pace and permitted up to 15 percent of the time off task. *See* Def.'s Mem. 17–18. The ALJ, however, did not incorporate either of those restrictions in the RFC determination. *See* Tr. 24. The Court cannot impermissibly assume the role of the fact-finder by deciding whether those limitations—or others—are appropriate on these facts. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary"). Making that assumption would be particularly inappropriate in this case because the RFC determination's language does not suggest the ALJ's error was one of omission: the ALJ specifically discussed plaintiff's persistence in the RFC determination and found that plaintiff "can persist at simple, routine tasks for two-hour periods with customary breaks and meal times to complete an eight-hour workday." *See* Tr. 24. Indeed, the ALJ repeated this finding throughout the RFC analysis. *See, e.g.*, Tr. 29; Tr. 30. The ALJ did not incorporate the VE's testimony, and he did not adequately explain his findings as required by the Fourth Circuit in *Mascio*. On the record before me, I find the explanation was inadequate and that remand is necessary.

*James B. v. Kijakazi*
Civil No. DLB-20-1243
September 1, 2021
Page 6

    Finally, because I am remanding this case on other grounds, I decline to decide whether the ALJ's step-three determination is supported by substantial evidence. The ALJ may consider this argument on remand.

    For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 15, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

    Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                  Sincerely yours,

                                    /s/

                                  Deborah L. Boardman
                                  United States District Judge